UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION


STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,

       Plaintiff

v.                           Civil Action No. 2:08-0339

DANIEL J. RHODES and
CATHERINE RHODES and
LARRY F. GOOD, JR. and
BC DEVELOPMENT, INC.,
a West Virginia Corporation, and
CHARLES & CO. LLC,
a West Virginia
Limited Liability Company, and
CHARLES FRANGELLA and
CMH HOMES, INC.,
a Tennessee corporation,
and doing business as
Freedom Homes, and
REDMAN HOMES, INC.
a Delaware Corporation,

       Defendants

## MEMORANDUM OPINION AND ORDER

       Pending are the motions (1) to stay or dismiss, and (2) for leave to submit a supplemental memorandum in support, filed respectively on June 6 and September 10, 2008, by defendants Daniel J. Rhodes, Catherine Rhodes, and Larry F. Good, Jr.

       The court ORDERS that the motion for leave to submit a supplemental memorandum in support be, and it hereby is, granted.

I.


          Plaintiff State Auto Property and Casualty Insurance
Company ("State Auto") is an Iowa citizen.  Daniel J. and
Catherine Rhodes, Larry F. Good, Jr., Charles Frangella, BC
Development, Inc. ("BC Development"), and Charles & Co, LLC
("Charles & Co."), are West Virginia citizens.  CMH Homes, Inc.
("CMH"), doing business as Freedom Homes ("Freedom Homes"), is a
Tennessee citizen.  Redman Homes, Inc. ("Redman Homes"), is a
citizen of both Delaware and Michigan.

          The Rhodes instituted a civil action against BC
Development, Charles & Co., and Mr. Frangella in the Circuit
Court of Jackson County ("Rhodes action").  They referred to the
three defendants collectively as the "BC Development Defendants."
Mr. Good instituted a materially identical action in the same
court against the same defendants ("Good action").  Both the
Rhodes and Good actions also contain allegations against CMH
Homes and Redman Homes.

          The Rhodes and Good actions allege that the BC
Development Defendants are in the housing and mobile home
development business.  Prior to July 23, 2007, the BC Development
Defendants agreed to transport and erect manufactured homes sold

2

and distributed by CMH.  It appears the BC Development Defendants
also performed similar services for Champion Home Builders Co.
("Champion"), which appears to be affiliated with Redman Homes.

On July 23, 2007, Rhodes and Good were injured when the
roof of a Champion home they were working on, at the direction of
the BC Development Defendants, collapsed.  The Rhodes action
alleges negligence, deliberate intention, breach of warranty, and
strict liability claims, along with a derivative claim by Mrs.
Rhodes.  As noted, the Good action alleges materially identical
direct claims.

On the accident date, Charles & Co. was insured under a
Preferred Business Policy ("policy") issued by State Auto.  State
Auto is currently defending Charles & Co. and Mr. Frangella in
the Rhodes and Good actions under a reservation of rights.
Discovery is ongoing in both the Rhodes and Good actions.

On May 23, 2008, State Auto instituted this declaratory
judgment action, contending that it has neither an indemnity nor
a defense obligation under the policy.  On or about August 7,
2008, the court learned that Mr. Frangella informally sought
leave from the United States Magistrate Judge to represent
himself, BC Development, and Charles & Co. in this action.  The

3

court informed Mr. Frangella that he could proceed pro se to represent his own interests but that the corporate entities could not proceed likewise and, further, that he could not represent them.  Mr. Frangella was further advised that his failure to retain counsel to represent the corporate defendants could ultimately result in default judgment being rendered against them.

On August 15, 2008, the circuit court allowed amendments to the complaints in both the Rhodes and Good actions. The amendments added State Auto as a defendant and claims seeking declaratory relief with respect to the policy coverage at issue here.  State Auto contends that it will move to dismiss these newly added counts in the circuit court.  In any event, State Auto notes that while it is presently discharging its defense obligations under a reservation of rights, it will not provide a defense in the state action as to the newly added declaratory relief claims.

In their motion to stay or dismiss, the Rhodes and Good contend that the circuit court is the more appropriate forum in which to resolve State Auto's indemnity and defense obligations. They seek to halt further proceedings on State Auto's claims in this court.

4

II.


        The court of appeals recently observed as follows
respecting ongoing declaratory judgment proceedings in both
federal and state court:

> To determine whether to proceed with a federal
> declaratory judgment action when a parallel state court
> action is pending, we have focused on four factors: (1)
> whether the state has a strong interest in having the
> issues decided in its courts; (2) whether the state
> court could resolve the issues more efficiently than
> the federal court; (3) whether the presence of
> overlapping issues of fact or law might create
> unnecessary entanglement between the state and federal
> court; and (4) whether the federal action is mere
> procedural fencing in the sense that the action is
> merely the product of forum shopping.

Great American Ins. Co. v. Gross, 468 F.3d 199, 211 (4th Cir.
2006) (citations omitted); New Wellington Financial Corp. v.
Flagship Resort, 416 F.3d 290, 297 (4th Cir. 2005); Penn-America
Ins. Co. v. Coffey, 368 F.3d 409, 412 (4th Cir. 2004).


        Respecting the first factor, the panel in Gross
suggested that federal courts may use their discretion to abstain
in this context "only when the questions of state law involved
are difficult, complex, or unsettled." Id. at 211 (citing
Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 378
(4th Cir. 1994)). The underlying issues here are not in any way
novel. "[I]nstead, [both the state and federal actions appear

to] involve the routine application of settled principles of insurance law . . . ."  Id.; Coffey, 368 F.3d at 414 (observing that "the State's interest is 'not particularly significant' where any state law issues are standard and 'unlikely to break new ground.'")(quoted authority omitted).

The second factor presents the opportunity for both sides to speculate concerning efficiency but, in the end, there is no substantial indication that the circuit court is better positioned to superintend the litigation in its entirety.  No harm is wrought by permitting the two actions to proceed simultaneously at this point.  For example, the discovery exchanged in both actions need not be duplicated and can be submitted with the briefing for dispositive motions in either court should the need arise.  Regarding both the second and third factors, should it appear later that this court ought to pause given the posture of the circuit court action, or the impending resolution there of any questions necessary to the interpretation of the policy, any party may so inform the court and curative action may be taken at that time.  Those concerns are not presented currently.[1]

---

[1]The movants contend that "this Court is being asked to determine if there is insurance coverage but to answer this question, the Court must make factual determinations which could

(continued...)

Finally, <u>Gross</u> explained that "procedural fencing"
occurs when "a party has raced to federal court in an effort to
get certain issues that are already pending before the state
courts resolved in a more favorable forum . . . ."  <u>Id.</u>  That has
not occurred here.  The coverage issues here were not at issue in
the circuit court when this federal action was instituted.  There
is little indication that State Auto has attempted a clever parry
by coming to federal court.  Instead, it appears to have merely
availed itself of the federal forum provided it by Congress.
<u>Coffey</u>, 368 F.3d at 414 ("There is a live and serious question of

---

[1](...continued)
impact the viability of the underlying state tort claims."
(Defs.' Mem. in Supp. at 5).  Defendants delayed until the filing
of their reply to provide any detail supporting this contention.
        Their reply brief contends that overlapping factual
issues are presented in the circuit court and federal cases.  One
identified issue is who among the BC Defendants, if any of them,
employed Mr. Rhodes and Mr. Good.  Mr. Rhodes and Mr. Good both
allege that the BC Development Defendants employed them.  (Rhodes
Compl. ¶¶ 14-5; Good Compl. ¶¶ 13-14).  In relying upon a policy
exclusion relating to employees, State Auto appears to concur,
meaning the only question is which of the BC Development
Defendants actually employed Mr. Rhodes and Mr. Good.
        In sum, the movants appear correct that there are some
discrete, overlapping factual issues in the circuit court and
federal actions.  That singular concern, however, does not
warrant the relief sought by the movants in view of the balance
of the factors considered.  In any event, the court concludes
that the policy concerns underlying the third factor can be
accommodated without the court abandoning the "virtually
unflagging obligation . . . to exercise the jurisdiction given"
it by Congress.  <u>Colorado River Water Conservation Dist. v.
United States</u>, 424 U.S. 800, 817 (1976); <u>Gross</u>, 468 F.3d at 205
("It is well-settled that 'our dual system of federal and state
governments allows parallel actions to proceed to judgment until
one becomes preclusive of the other.'")(citations omitted).

whether the . . . exclusion in the policy . . . applies, and the evidence in the record leads to the conclusion that Penn-America has appropriately sought a declaratory judgment in federal court to clarify and settle the issue.").

Inasmuch as the factors presently weigh in favor of the continued exercise of federal jurisdiction, the court ORDERS that the motion to stay or dismiss be, and it hereby is, denied.

The Clerk is directed to send a copy of this written opinion and order to counsel of record, to Charles Frangella at his last known address, and to the notice of process address for BC Development and Charles & Co. on file with the Secretary of State, 2347 Route 21 South, Ripley, West Virginia, 25271.

ENTER: November 10, 2008

John T. Copenhaver, Jr.
United States District Judge

8